IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DR. STELLA IMMANUEL, | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 4:21-CV-587 |
| ANDERSON COOPER and CABLE | § | |
| NEWS NETWORK, INC., | § | |
| | § | |
| *Defendants.* | § | |

## <u>DEFENDANT CABLE NEWS NETWORK, INC.'S MOTION TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, MOTION TO TRANSFER</u>

*/s/ Robert P. Latham*
Robert P. Latham
State Bar No. 11975500
blatham@jw.com
Demi S. Williams
State Bar. No.  24084101
dswilliams@jw.com
**JACKSON WALKER LLP**
2323 Ross Avenue, Suite 600
Dallas, Texas  75201
(214) 953-6000 – Telephone
(214) 953-5822 – Facsimile

Katherine M. Bolger
katebolger@dwt.com
Sam F. Cate-Gumpert
samcategumpert@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1251 Avenue of the Americas, 21st Floor
New York, New York 10020-1104
(212) 489-8230
(212) 489-8340
*Pro Hac Applications Submitted*

**ATTORNEYS FOR CABLE NEWS NETWORK, INC.**

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................. i

TABLE OF AUTHORITIES ............................................................................................ ii

I.      INTRODUCTION ................................................................................................1

II.     ARGUMENTS AND AUTHORITIES.................................................................2

   A.   CNN Moves to Dismiss this Matter for Improper Venue ...............................2

      1.   Venue is not proper in the Eastern District of Texas under Section 1391(b)(1)..........3

      2.   Venue is not proper in the Eastern District of Texas under Section 1391(b)(2)..........3

   B.   In the Alternative, CNN Moves to Transfer ...................................................8

      1.   This matter could have been filed against CNN in the Southern District of Texas.....9

      2.   The private interest factors weigh in favor of transfer...............................................10

      3.   The public interest factors also weigh in favor of transfer ........................................15

      4.   A transfer to the Southern District of Texas is in the interest of justice ...................16

III.    CONCLUSION AND PRAYER ...................................................................17

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Cabot Oil & Gas Corp. v. Water Cleaning Servs., LLC*,
  No. CIV.A. H-12-0665, 2012 WL 2133589 (S.D. Tex. June 12, 2012)...................................4

*Castaneda v. Bradzoil, Inc.*,
  No. 1:20-CV-1039-RP, 2021 WL 1390423 (W.D. Tex. Apr. 13, 2021) ...............................16

*Corsi v. Stone*,
  2020 WL 999053 (D.D.C. Mar. 1, 2020)...................................................................................4

*Dewolff, Boberg & Assocs., Inc. v. Pethick*,
  No. 4:20-CV-00556, 2020 WL 6822834 (E.D. Tex. Nov. 20, 2020) (Mazzant,
  J.)..............................................................................................................................................15

*Doe v. Lee*,
  No. 18 C 1193, 2019 WL 247536 (N.D. Ill. Jan. 17, 2019) ....................................................6

*EnviroGlas Prods., Inc. v. EnviroGlas Prods.*,
  LLC, 705 F.Supp.2d 560 (N.D. Tex. 2010)...............................................................................2

*Frito-Lay N. Am., Inc. v. Medallion Foods, Inc.*,
  867 F. Supp. 2d 859 (E.D. Tex. 2012) (Mazzant, J.).............................................................10

*Funimation Ent. v. Does 1 - 1,427*,
  No. 2:11-CV-00269, 2013 WL 5200453 (E.D. Tex. Sept. 16, 2013)......................................3

*Hawbecker v. Hall*,
  88 F. Supp. 3d 723 (W.D. Tex. 2015)...................................................................................5, 6

*Holz v. United States*,
  No. 3:08-CV-1568-P, 2009 WL 10704725 (N.D. Tex. Sept. 28, 2009)...................................2

*Loeb-Defever v. Strategic Constr., Ltd.*,
  No. 4:19-CV-00578, 2020 WL 2496883 (E.D. Tex. May 14, 2020) (Mazzant,
  J.)..............................................................................................................................................14

*Nana Joes, LLC v. Microbiotic Health Foods, Inc.*,
  No. 4:17-CV-00784, 2018 WL 905531 (E.D. Tex. Feb. 15, 2018) (Mazzant,
  J.)..................................................................................................................................8, 9, 15, 16

*Palmer v. Idalia Llorens Collection Agency, Inc.*,
  434 F. Supp. 3d 462 (E.D. Tex. 2020)....................................................................................17

*Real Est. Training Int'l, LLC v. Nick Vertucci Companies, Inc.*,
  No. SA-14-CV-0099-XR, 2014 WL 1383897 (W.D. Tex. Apr. 8, 2014) ................................4

*Reed v. Fina Oil and Chem. Co.*,
  995 F.Supp. 705 (E.D. Tex. 1998) ...........................................................................................9

*Resolute Forest Prods., Inc. v. Greenpeace Int'l*,
  2017 WL 2126323 (S.D. Ga. May 16, 2017)..........................................................................5

*Revell v. Lidov*,
  317 F.3d 467 (5th Cir. 2002) ..................................................................................................5

*Rex Real Est. I, L.P. v. Rex Real Est. Exch., Inc.*,
  No. 4:18-CV-371-ALM, 2019 WL 2524830 (E.D. Tex. June 19, 2019)
  (Mazzant, J.)...........................................................................................................................4

*S.E.C. v. Coldicutt*,
  No. 4:12-CV-00505, 2013 WL 944550 (E.D. Tex. Feb. 8, 2013) (Mazzant,
  Mag.)......................................................................................................................................15

*Seidel v. Kirby*,
  296 F. Supp. 3d 745 (D. Md. 2017) ........................................................................................6

*In re Volkswagen of Am., Inc.*,
  545 F.3d 304 (5th Cir. 2008) (en banc) (*Volkswagen II*)................................................ *passim*

*In re Volkswagen AG*,
  371 F.3d 201, 203 (5th Cir. 2004) (*Volkswagen I*) .......................................................8, 9, 11

**Statutes**

28 U.S.C. § 1391(b) .........................................................................................................3, 7

28 U.S.C. § 1391(b)(1) ........................................................................................................3

28 U.S.C. § 1391(b)(2) ................................................................................................. *passim*

28 U.S.C. § 1391(b)(3) ........................................................................................................7

28 U.S.C. § 1391(d) ............................................................................................................3

28 U.S.C. § 1404(a) ..................................................................................................... *passim*

28 U.S.C. § 1406(a) .............................................................................................2, 8, 12, 17

**Other Authorities**

Fed. R. Civ. P. 45(c)(3)......................................................................................................13

Fed. R. Civ. P. 45(c)(3)(A)(ii) ........................................................................................13

Fed. R. Civ. P. 45(c)(1)(A) ...........................................................................................11

Fed. R. Civ. P. 12(b)(3)...........................................................................................1, 2, 3, 17

Fire Power Ministry, https://firepowerministry.org/......................................................1

17 MOORE'S FEDERAL PRACTICE § 110.04[1]...............................................................4

Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 1404(a) and 1406(a), Defendant Cable News Network, Inc. ("CNN")  files this Motion to Dismiss for Improper Venue or, in the Alternative, Motion to Transfer and, in support thereof, would respectfully show the Court as follows:

## I.    **INTRODUCTION**

This case was brought in the Eastern District of Texas for no apparent reason.  Because venue is improper, CNN requests that it be dismissed under Rule 12(b)(3) or, in the alternative, transferred under 28 U.S.C. § 1404(a) to the district and division with the most significant connections to the case: the Southern District of Texas, Houston Division.

According to the Complaint, Plaintiff Dr. Stella Immanuel ("Dr. Immanuel") is a medical doctor with a practice in Houston, Texas, as well as the leader of a spiritual ministry based in Brookshire, Texas.[1] Compl. ¶¶ 1, 9; *see also* Fire Power Ministry, https://firepowerministry.org/. Dr. Immanuel alleges that, following statements she made on July 27, 2020 in Washington, D.C. regarding the use of hydroxychloroquine as a prevention and cure for COVID-19, CNN made false and defamatory statements regarding her medical opinions and sermons, and that she suffered reputational and financial harm as a result.  Compl. ¶¶ 3, 9, 10, 21-32.

Notably, however, Dr. Immanuel does not allege *any* facts connecting this case to the Eastern District, and, as is plain from even a cursory review of the Complaint, this matter does not belong in this Court.  Beyond publishing statements to subscribers in the District (just as it does nationally), CNN has no connection whatsoever to the Eastern District.  It does not maintain an

---

[1] The Fire Power Ministry website also includes an address in Katy, Texas. *See* Exhibit A, Decl. of Demi Williams. Both Katy and Brookshire are within the Southern District of Texas.

**DEFENDANT CABLE NEWS NETWORK, INC.'S MOTION TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, MOTION TO TRANSFER – Page 1**

office in the District, and none of the events giving rise to the statements Dr. Immanuel complains of occurred there.  Moreover, any alleged reputational harm felt by Dr. Immanuel would have been felt where she resides and where she has her medical practice and ministry (in or around Houston), in the Southern District of Texas, and the documents and witnesses relevant to her alleged financial and reputational harm are also located there.  Because the Complaint does not allege that any relevant conduct took place in the Eastern District, CNN requests that this Court either dismiss this matter for improper venue or, in the alternative, transfer the matter to the Southern District.

## II.      ARGUMENTS AND AUTHORITIES

### A.    CNN Moves to Dismiss this Matter for Improper Venue

This Court should dismiss this action pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure because the Eastern District is an improper venue for adjudicating this dispute. When a case is filed in an improper venue, the district court "shall dismiss" the case or, alternatively, transfer it in the interest of justice to a district in which the case could have been brought. 28 U.S.C. § 1406(a).[2]  In particular, where "all the events or omissions giving rise to [Plaintiff's] claim happened outside of the" District in which the action was filed dismissal is appropriate.  *See  Holz v. United States*, No. 3:08-CV-1568-P, 2009 WL 10704725, at *3 (N.D. Tex. Sept. 28, 2009) (holding that venue was improper and dismissing case where "all the events or omissions giving rise to [Plaintiff's] claim happened outside of the Northern District of Texas.").

---

[2] In considering a motion to dismiss brought under Rule 12(b)(3), the Court may look outside of the complaint to consider undisputed facts. *See EnviroGlas Prods., Inc. v. EnviroGlas Prods.*, LLC, 705 F.Supp.2d 560, 567 (N.D. Tex. 2010).

**DEFENDANT CABLE NEWS NETWORK, INC.'S MOTION TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, MOTION TO TRANSFER – Page 2**

Once a defendant raises the issue of improper venue under Rule 12(b)(3), the plaintiff bears the burden of proving that her chosen venue is proper. *Funimation Ent. v. Does 1 - 1*,427, No. 2:11-CV-00269, 2013 WL 5200453, at *2 (E.D. Tex. Sept. 16, 2013) (citing *Psarros v. Avior Shipping, Inc.*, 192 F. Supp.2d 751, 753 (S.D. Tex. 2002)).  Here, Dr. Immanuel will never be able to carry this burden, because **none** of the events giving rise to this suit (let alone a substantial part of them) occurred in this District.

As a preliminary matter, venue in a civil action is proper in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred …; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b).   Dr. Immanuel cannot establish venue is proper under these rules.

### 1.      Venue is not proper in the Eastern District of Texas under Section 1391(b)(1)

First, venue is not proper pursuant to section 1391(b)(1) because Dr. Immanuel does not allege that all defendants in this matter reside in the State of Texas. *See* Compl. ¶ 17.  In fact, Dr. Immanuel brings this action in federal court on the basis of diversity of citizenship. *Id*.  Dr. Immanuel cannot establish proper venue under Section 1391(b)(1), because not all defendants are residents of the State.

### 2.      Venue is not proper in the Eastern District of Texas under Section 1391(b)(2)

Likewise, venue is not proper pursuant to section 1391(b)(2) because no "substantial part of the events or omissions giving rise to the claim occurred" in the Eastern District. *See* 28 U.S.C.

§ 1391(b)(2).  None of CNN's relevant activities took place in the Eastern District, nor did the reputational and economic harms allegedly felt by Dr. Immanuel.

*First*, in making this determination, because the venue statute protects the defendant, courts often focus on the "relevant activities of the defendant," rather than those of the plaintiff.  *Cabot Oil & Gas Corp. v. Water Cleaning Servs., LLC*, No. CIV.A. H-12-0665, 2012 WL 2133589, at *2 (S.D. Tex. June 12, 2012) (citing *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995)); *see also Rex Real Est. I, L.P. v. Rex Real Est. Exch., Inc.*, No. 4:18-CV-371-ALM, 2019 WL 2524830, at *5 n.1 (E.D. Tex. June 19, 2019) (Mazzant, J.) (same); 17 MOORE'S FEDERAL PRACTICE § 110.04[1] (stating that "[g]enerally, the court must focus on activities of the defendant, not the plaintiff").

Here, none of the relevant activities of CNN took place in the Eastern District.  CNN is based in Georgia, many of the reporters involved in the alleged defamatory publications are in New York, and the alleged defamatory statements at issue relate to events that occurred in Washington, DC or near Houston.  In fact, the **only** alleged connection between CNN and this District is that the CNN's reports "were intentionally broadcast and published throughout Texas" – just as they were in every other state – and that Dr. Immanuel "suffered substantial injury" in the Eastern District.  *See* Compl. ¶ 19.  These conclusory allegations fail as a matter of law to provide a basis for venue under § 1391(b)(2).  *See, e.g.*, *Real Est. Training Int'l, LLC v. Nick Vertucci Companies, Inc.*, No. SA-14-CV-0099-XR, 2014 WL 1383897, at *2 (W.D. Tex. Apr. 8, 2014) (conclusory assertion that venue was proper under Section 1392(b)(2) was not to be credited where complaint "lack[ed] factual support indicating that a 'substantial part of the events or omissions giving rise to the claim' occurred" in Western District); *Corsi v. Stone*, 2020 WL 999053, at *3

(D.D.C. Mar. 1, 2020) (finding venue improper where statements were published outside the district and the plaintiff lived outside the district); *Resolute Forest Prods., Inc. v. Greenpeace Int'l*, 2017 WL 2126323, at *1 (S.D. Ga. May 16, 2017) (ordering transfer of libel claims to the Northern District of California, where the challenged statements were issued).

Alleging sufficient facts concerning a defendant's actions is particularly important in defamation cases, in which venue is proper in the district in which the "alleged defamation was intended to be felt," meaning where the defendant purposefully directed the allegedly defamatory statements. *Hawbecker v. Hall*, 88 F. Supp. 3d 723, 731 (W.D. Tex. 2015); *accord Boehner v. Heise*, 410 F. Supp. 2d 228, 240 (S.D.N.Y. 2006) (venue appropriate in district to which defamatory letter was mailed); *cf. Cap. Corp. Merch. Banking v. Corp. Colocation, Inc.*, No. 6:07-CV-1626ORL19KRS, 2008 WL 4058014, at *3 (M.D. Fla. Aug. 27, 2008) ("[B]ecause the harm from an online defamatory statement can occur in any place where the website or forum is viewed, … venue under section 1391(a)(2) is proper" in the district where the statement was directed and plaintiff resides); *Revell v. Lidov*, 317 F.3d 467, 476 (5th Cir. 2002) (In determining jurisdiction, a defamation plaintiff must show that a defendant "direct[ly] aim[ed]" at the plaintiff's home state, since "virtually any defamation … [will] hit home" where a challenged publication is distributed.). Here, Dr. Immanuel has not alleged, nor could she, that CNN intended the alleged statements to be felt in the Eastern District of Texas. To the extent that CNN mentioned Texas at all, it focused on Dr. Immanuel's connection to Houston, in the Southern District. *See* Compl. ¶ 5.b ("[Dr. Immanuel] is a doctor from Houston"); *id.* ¶ 5.c ("[Dr. Immanuel] practices medicine at Rehoboth Medical Center, a clinic in Houston"). None of CNN's conduct took place in, nor do any of its

statements mention (let alone discuss), any part of Texas falling within the Eastern District.  For this reason alone, venue is improper here.

*Second*, even if this Court were to focus on Dr. Immanuel, venue would remain improper, since the principal harm to her reputation, assuming it exists, occurred in the Southern District of Texas, where she works and presumably resides.  Courts across the country are in accord that venue in defamation cases is proper where the reputational harm  "giving rise to the claim" occurred.  *See* 28 U.S.C. § 1391(b)(2); s*ee, e.g.*, *Lee*, 2019 WL 247536 at *3 ("Venue is proper in the Northern District of Illinois because the events giving rise to Plaintiff's defamation claim, *i.e.*, the reputational harm suffered, occurred in Illinois."); *Hawbecker*, 88 F. Supp. 3d at 731 (in defamation case, venue was proper where plaintiff's reputation was harmed); *Cummings v. W. Trial Lawyers Ass'n*, 133 F.Supp.2d 1144, 1150-51 (D. Ariz. 2001) (venue was proper in the district where the defendant sent four defamatory letters).

This conclusion flows from the fact that "[t]he principal injury giving rise to a defamation claim occurs where [Plaintiff's] reputation would suffer the most harm—where [she] lives and works and where the people with whom [she] has personal or commercial relationships reside." *Doe v. Lee*, No. 18 C 1193, 2019 WL 247536, at *3 (N.D. Ill. Jan. 17, 2019) (quoting *Basile v. Prometheus Global Media, LLC*, 2016 WL 2987004, at *5 (N.D. Ill. 2016); citing *Kamelgard v. Macura*, 585 F.3d 334, 342 (7th Cir. 2009)). Indeed, "the district in which a plaintiff resides is often going to be where the substantial part of the *harmful* (emphasis in original) publication occurred,  *i.e.*, *where people are exposed to the material who may actually know the plaintiff or interact with [her] in a way that could be affected by the information*." *Seidel v. Kirby*, 296 F. Supp. 3d 745, 753 (D. Md. 2017) (emphasis added).

Here, Dr. Immanuel  alleges injuries such as loss of income, impaired future earnings, injury to her reputation, embarrassment, and humiliation,  Compl. ¶ 27.  These injuries would not have occurred in the *Eastern District*, in which Dr. Immanuel has alleged no office or home, but rather in the *Southern District*, where she asserts that her medical practice is located and where, upon information and belief, she resides.  Compl. ¶ 1 (Dr. Immanuel "practices at Rehoboth Medical Center in Houston, Texas.").  Any alleged loss of income, impaired future earnings, and "career damage," therefore, are tied to the Southern District.[3]  Even if "[Dr. Immanuel] sees patients from all over Texas," as she asserts without specificity, it is in the Southern District of Texas, Houston Division where those visits occur and, most importantly, where they allegedly have ceased to occur.  *See Lee*, 2019 WL 247536 at *3.

In addition, Dr. Immanuel is the leader of the Fire Power Ministry in Brookshire, Texas and has pleaded that CNN misstated her religious teachings.  Compl. ¶¶ 6, 29.  Even assuming Dr. Immanuel's reputation with her congregation was harmed by CNN's reports – which Dr. Immanuel does not assert – that injury would occur in and around Brookshire, not any town or city in the Eastern District.  Any alleged damage to  Dr. Immanuel's reputation within the community at Fire Power Ministry, therefore, also has no connection to the Eastern District.[4]

In sum, Dr. Immanuel has not proven and cannot prove that venue is proper in this District because this action has no connection whatsoever to this District.  This matter should be dismissed.

---

[3] Because venue is proper in the Southern District under Section 1391(b)(2), analysis of Dr. Immanuel's chosen venue cannot extend to the Section 1391(b)(3) question of whether the Eastern District could have personal jurisdiction over CNN.  *See* 28 U.S.C. § 1391(b).

[4] Though not necessary to establish proper venue in the Southern District, Dr. Immanuel's factual allegation that CNN made the alleged defamatory statements "*in order to* … ruin her career in medicine" further supports the connection between her medical practice in Houston and proper venue.  *See* Compl. ¶ 26(e).

B.      **In the Alternative, CNN Moves to Transfer**

In the alternative, this Court should transfer this action to the Southern District of Texas, Houston Division.  Under 28 U.S.C. § 1406(a), a district court "shall dismiss" a matter filed in an improper venue or, "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1404(a) permits a district court to transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice ... to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  "The purpose of [Section 1404(a)] 'is to prevent the waste of time, energy and money and to protect the litigants, witnesses and the public against unnecessary inconvenience and expense ...' "  *Nana Joes, LLC v. Microbiotic Health Foods, Inc.*, No. 4:17-CV-00784, 2018 WL 905531, at *2 (E.D. Tex. Feb. 15, 2018) (Mazzant, J.) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964) (internal quotation marks removed).   The party requesting a transfer is tasked with showing that the transferee venue is clearly more convenient.  *Nana Joes*, 2018 WL 905531, at *2 (quoting *Volkswagen II*, 545 F.3d at 315).

"The threshold inquiry when determining eligibility for transfer is 'whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed,' or whether all parties have consented to a particular jurisdiction."  *Nana Joes*, 2018 WL 905531, at *2 (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (*Volkswagen I*)).  Once the threshold inquiry is satisfied, "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight."  *Id.* (quoting *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004) (internal quotation marks removed)).

The private interest factors are (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) (*Volkswagen II*) (citing *Volkswagen I*, 371 F.3d at 203).  The public interest factors are (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.  *Id.*  "These factors are not exhaustive or exclusive, and no single factor is dispositive."  *Nana Joes*, 2018 WL 905531, at *2 (citing *Volkswagen II*, 545 F.3d at 315).[5]

### 1.    This matter could have been filed against CNN in the Southern District of Texas

As detailed herein in Section A(2-3), *supra*, CNN easily satisfies the threshold inquiry.  Specifically, the defamation claims against CNN could have been brought in the Southern District, because "a substantial part of the events or omissions giving rise to the claim occurred" there.  *See* 28 U.S.C. § 1391(b)(2).  Dr. Immanuel's alleged reputational and monetary injuries occurred in the Southern District, and it is where the medical practice connected to her alleged injuries is

---

[5] "[W]hile a plaintiff has the privilege of filing his claims in any judicial division appropriate under the general venue statute, § 1404(a) tempers the effects of the exercise of this privilege."  It follows, then, that plaintiff's choice of venue is not an independent factor in a Section 1404(a) analysis.  *Volkswagen II*, 545 F.3d at 315 n. 10; *see also Reed v. Fina Oil and Chem. Co.*, 995 F.Supp. 705, 714 (E.D. Tex. 1998) (deference to a plaintiff's choice of forum "disappears" when the suit has no connection to the chosen venue).  Rather, a plaintiff's choice is taken into account by virtue of the moving party being required to show good cause for the transfer.  *Volkswagen II*, 545 F.3d at 315 n. 10.

located, where she made most of the statements identified in the Complaint,[6] and where she herself likely resides.

### 2.      The private interest factors weigh in favor of transfer

Next, as to the convenience analysis, all four private interest factors strongly support transfer to the Southern District.

#### a.      *Ease of access to sources of proof*

The first factor, the relative ease of access to sources of proof, weighs in favor of transfer. "Courts analyze this factor in light of the distance that documents, or other evidence must be transported from their existing location to the trial venue." *Frito-Lay N. Am., Inc. v. Medallion Foods, Inc.*, 867 F. Supp. 2d 859, 869 (E.D. Tex. 2012) (Mazzant, J.) (citing *On Semiconductor Corp. v. Hynix Semiconductor, Inc.*, No. 6:09–CV–390, 2010 WL 3855520, at *2 (E.D. Tex. Sept. 30, 2010)).  In this case, the documents and records are located in the Southern District. Specifically, a trial in this matter, as well as depositions, will necessarily include records from Dr. Immanuel's medical practice relating to her allegations of loss of income and impaired future earnings.  *See* Compl. ¶ 27.  On information and belief, all such paper and electronic records are stored within the Southern District, at or near Dr. Immanuel's practice in Houston.  *See* Exhibit A, Decl. of Demi Williams.   Moreover, if Dr. Immanuel saw any medical or mental health professional(s) near her home in connection with the mental suffering she alleges, CNN expects those records would be located in, or much nearer to, the Southern District.  Thus, transporting

---

[6] The statements of Dr. Immanuel on which CNN reported were made in either Washington, D.C. on the steps of the Supreme Court or at her ministry in the Southern District of Texas.

**DEFENDANT CABLE NEWS NETWORK, INC.'S MOTION TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, MOTION TO TRANSFER – Page 10**

trial documents to the Houston Division courthouse, rather than the Sherman Division courthouse, eases logistical difficulties and costs.

Conversely, Dr. Immanuel has not stated or even suggested that any documentary proof whatsoever is located in the Eastern District.  Even her vague statement that she "sees patients from all over Texas" provides no concrete tie to the Eastern District, since it is highly likely that those patients travel to Houston to see Dr. Immanuel, and any resulting records would be housed in Houston, not the Eastern District.  *See* Compl. ¶ 1.  Because the documentary proof is located in the Southern District, this factor favors transfer.

        b.       *Availability of compulsory process to secure the attendance of witnesses*

The second factor recognizes that in order to obtain the testimony of witnesses, the parties may need to utilize the forum court's subpoena power to secure the witnesses' attendance at deposition or trial.  *See Volkswagen II*, 545 F.3d at 316.  And here, just as the documents connected to Dr. Immanuel's medical practice are located in the Southern District, so too are the majority of the witnesses likely to be called by both Dr. Immanuel and CNN for depositions and/or at trial.  *See* Exhibit A, Decl. of Demi Williams.  A court, however, only holds such power over non-party witnesses who reside, are employed, or regularly transact business within 100 miles of where the deposition or trial is held.  Fed. R. Civ. P. 45(c)(1)(A).  Accordingly, the Fifth Circuit has held that "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled."  *Volkswagen I*, 371 F.3d at 204–05.

Here, this factor favors transfer.  CNN will seek testimony from Dr. Immanuel's current and former Rehoboth patients regarding (1) Dr. Immanuel's reputation before and after the alleged

defamatory statements; (2) their reasons for leaving or remaining under Dr. Immanuel's medical care; (3) whether they ever read and/or saw the CNN articles and/or telecasts; (4) whether Dr. Immanuel's practice regarding masking and the treatment of COVID-19, as detailed in paragraphs 2 and 3 of the Complaint, are truthful; and (5) their perception of Dr. Immanuel's mental well-being before and after the alleged defamatory statements.  *See* Exhibit A,  Decl. of Demi Williams. Likewise, CNN will seek testimony from staff at Rehoboth regarding (1) Dr. Immanuel's reputation before and after the alleged defamatory statements[7]; (2) practice records, including financial records; (3) their perception of Dr. Immanuel's mental well-being before and after the alleged defamatory statements; and (4) the reputation, and financial success, of Dr. Immanuel practice before and after the alleged defamatory statements.[8]  *See* Exhibit A, Decl. of Demi Williams.  From Fire Power Ministry, CNN will seek testimony about (1) the content of Dr. Immanuel's preaching at the Fire Power Ministry as set forth in paragraphs 6 and 9 of the Complaint; (2) Dr. Immanuel's reputation before and after the broadcasts; and (3) whether any members of her ministry even read and/or saw the CNN articles and/or telecasts.  *See* Exhibit A, Decl. of Demi Williams.  And again, if Dr. Immanuel saw any medical or mental health

---

[7] CNN may also seek community member testimony regarding Dr. Immanuel's reputation before and after the CNN telecasts.

[8] Given the nature of the defamation claim and CNN's lack of familiarity with Dr. Immanuel's patients, medical staff, and records-keeping personnel, CNN cannot yet state the names of the witnesses, as a defendant may be able to in another type of case, such as an employment discrimination suit or a business contract dispute.  Rather, CNN must rely on the discovery process to identify those persons.  As such, it would not be in the interest of justice under Section 1406(a)—nor harmonious with  the "individualized, case-by-case consideration of convenience and fairness" under Section 1404(a)—to require that CNN name the witnesses in order for this factor to weigh in its favor and, more notably, in favor of convenience.

**DEFENDANT CABLE NEWS NETWORK, INC.'S MOTION TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, MOTION TO TRANSFER – Page 12**

professional near her home, such a witness would testify regarding Dr. Immanuel's alleged mental suffering and any mental health treatment.[9]

Common sense suggests that most patients who seek or sought regular or ongoing medical treatment from Dr. Immanuel at Rehoboth live less (likely much less) than 100 miles away from the facility.  Rehoboth is located 318 miles away from the Sherman Division courthouse in the Eastern District[10] and approximately 20 miles away from the Houston Division courthouse in the Southern District.[11]  *See* Exhibit A, Decl. of Demi Williams.  As such, nearly all, if not all, patients, staff, and colleagues of Dr. Immanuel from whom CNN will seek testimony are within the subpoena power of the Houston Division, but not this Court. As such, the non-party witnesses located in the transferee district are almost certainly "outside the Eastern District's subpoena power for deposition under Fed. R. Civ. P. 45(c)(3)(A)(ii)," and any "trial subpoenas for these witnesses to travel more than 100 miles would be subject to motions to quash under Fed. R. Civ. P. 45(c)(3).)"[12]  *Volkswagen II*, 545 F.3d at 316.  This factor, therefore, weighs in favor of transfer.

### c.    *Cost of attendance of willing witnesses*

The third factor also favors transfer, because, even for willing witnesses, the cost of attendance will increase substantially between the two venues, with the Sherman Division courthouse sitting nearly 300 miles further away from the most-identifiable locus of events for purposes of residency – Rehoboth Medical Center.  *See* Exhibit A, Decl. of Demi Williams.

---

[9] Should Dr. Immanuel indicate such a witness(es) exist, CNN will further analyze the location of the witness(es) as it relates to the respective subpoena powers of the transferor and transferee forums.

[10] Paul Brown United States Courthouse, 101 East Pecan Street, Sherman, Texas 75090.  *See* Exhibit A, Decl. of Demi Williams.

[11] Bob Casey United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002.  *See* Exhibit A, Decl. of Demi Williams.

[12] A similar calculus applies for deposition testimony to be taken from these witnesses by CNN, as those witnesses could be subpoenaed to appear in Houston at CNN's attorneys' office in Houston.

Not only will transportation costs increase, but at least some witnesses who would otherwise be able to return home between the close of a court date and resuming testimony the following day would require overnight lodging in the Eastern District.  Moreover, the cost of overnight lodging prior to a witness beginning his or her testimony is largely eliminated by significantly reducing the length of a witness's drive.  Even the cost of food decreases for witnesses when they can consume meals at home.

Because transfer would mean that witnesses do not have to bear the increase in financial burden stemming from Dr. Immanuel "abusing [her] privilege" of forum selection, *see Volkswagen II*, 545 F.3d at 315, this factor weighs in CNN's favor.

> ### d.   All other practical problems

The fourth private interest factor, which captures all other practical problems, also strongly favors transfer.  Notably, "[Dr. Immanuel's] choice of venue – the Eastern District – has little to no factual nexus to the present case, thereby making [her] choice less significant."  *See Loeb-Defever v. Strategic Constr., Ltd.*, No. 4:19-CV-00578, 2020 WL 2496883, at *7 (E.D. Tex. May 14, 2020)  (Mazzant, J.) (citing *Volkswagen II*, 545 F.3d at 315-18) (weighing this consideration as part of the fourth private interest factor).  As discussed above, neither CNN nor its reporting on the matters at issue in this case have any connection to the Eastern District of Texas.  The challenged reports all pertain to events that occurred either in Washington D.C. or Houston.  CNN did not specifically direct any of its statements about Dr. Immanuel to the Eastern District, or to anyone living in the Eastern District.  Finally, Dr. Immanuel does not maintain her medical or spiritual offices in the Eastern District.

In sum, Dr. Immanuel has selected a forum that "wastes [her and CNN's] time, energy and money," just as it causes "unnecessary inconvenience and expense" for anticipated non-party witnesses.  *See Nana Joes*, 2018 WL 905531, at *2 (internal quotation marks and citation removed).  Regardless of whether she prefers the Eastern District, the factual basis for the claim, the access to proof, and the location of non-party witnesses for compulsory process strongly favor transfer to the Southern District.

### 3.    The public interest factors also weigh in favor of transfer

Three of the four public interest factors weigh neutral or are inapplicable here.[13]  But one factor – local interest in having localized issues or disputes decided at home – again weighs in favor of transfer.  Dr. Immanuel is a medical doctor in Houston, where the Complaint suggests she continues to treat patients.  *See* Compl. ¶ 1.  And she is a preacher in Fire Power Ministry, where she continues to preach.  *See* Compl. ¶ 9.  On information and belief, Dr. Immanuel is also a member of that community, and thus, holds some – good or bad – reputation therein.  *See* Exhibit A, Decl. of Demi Williams.  Her reputation is in and around Houston and Brookshire, not Sherman. The Southern District, therefore, has a much stronger interest in the claim. *See S.E.C. v. Coldicutt*, No. 4:12-CV-00505, 2013 WL 944550 (E.D. Tex. Feb. 8, 2013) (Mazzant, Mag.), *report and recommendation adopted*, No. 4:12CV505, 2013 WL 943568 (E.D. Tex. Mar. 8, 2013) (weighing the transferee district's "stronger interest in presiding over this controversy" and granting Defendants' requested transfer); *see also Volkswagen II*, 545 F.3d at 317–18 (discussing no relevant factual connection to the Marshall Division); *see also Dewolff, Boberg & Assocs., Inc. v.*

---

[13] Those factors are (1) the administrative difficulties flowing from court congestion; (2) the familiarity of the forum with the law that will govern the case; and (3) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.

DEFENDANT CABLE NEWS NETWORK, INC.'S MOTION TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, MOTION TO TRANSFER – Page 15

*Pethick*, No. 4:20-CV-00556, 2020 WL 6822834, at *6 (E.D. Tex. Nov. 20, 2020) (Mazzant, J.) (transferring case to district in which "harm was felt by [the p]laintiff").  This factor weighs in favor of transfer.

### 4.    A transfer to the Southern District of Texas is in the interest of justice

Finally, a transfer is in the interest of justice, not least because this case has no factual connection to the Eastern District of Texas.  Besides distributing the articles and telecasts at issue (as it did to every other district in the country), CNN has no ties to the Eastern District. It did no reporting in the District, nor did it direct any statement to anyone in the District, or to the District generally.  Nor does Dr. Immanuel, who works and lives in the Southern District, have any substantial connection to the Eastern District.  No documents or witnesses of CNN are located in the Eastern District.  *See Dewolff, Boberg & Assocs., Inc.*, 2020 WL 6822834, at *3 (noting that venue was improper where neither plaintiff nor defendant had any connection to Eastern District and holding that "justice will be best served if the case is transferred" to Northern District).  And, critically, transfer here protects the parties and the witnesses from wasted "time, energy and money," particularly given (1) the significant distance between the evidence and witnesses and the transferor venue, (2) the lack of relationship between the events and the transferor venue to create a comparable public interest, and (3) the comparative lack of connection between the documents, witnesses, and events and the Eastern District.  *See Nana Joes*, 2018 WL 905531, at *2; *Castaneda v. Bradzoil, Inc.*, No. 1:20-CV-1039-RP, 2021 WL 1390423, at *2 (W.D. Tex. Apr. 13, 2021) (transferring case "in the interest of justice" where plaintiff, defendant, and facts of the case had "no connection" to division in which case was brought).

In sum, the overarching question here is whether the Court should transfer Dr. Immanuel's suit from a District that "has no connection to the parties, the witnesses, or the facts of this case" to a District with "extensive connections" to Dr. Immanuel, "the witnesses, and the facts of this case."  *See Palmer v. Idalia Llorens Collection Agency, Inc.*, 434 F. Supp. 3d 462, 471 (E.D. Tex. 2020).  CNN submits that, under Section 1404, the answer is a resounding "yes" and requests that, if not dismissed for improper venue, this suit be transferred to the Southern District of Texas, Houston Division.

## III.    <u>CONCLUSION AND PRAYER</u>

For the foregoing reasons, CNN requests that the Court grant its Motion to Dismiss for Improper Venue, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1406(a).  In the alternative, CNN requests that the Court transfer the matter to the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. §§  1404(a) and 1406(a).

Dated:  December 17, 2021

Respectfully submitted,

*/s/ Robert P. Latham*
Robert P. Latham
State Bar No. 11975500
blatham@jw.com
Demi Williams
State Bar. No.  24084101
dswilliams@jw.com
**JACKSON WALKER LLP**
2323 Ross Avenue, Suite 600
Dallas, Texas  75201
(214) 953-6000 – Telephone
(214) 953-5822 – Facsimile

Katherine M. Bolger
katebolger@dwt.com
Sam F. Cate-Gumpert
samcategumpert@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1251 Avenue of the Americas, 21st Floor
New York, New York 10020-1104
(212) 489-8230
(212) 489-8340
*Pro Hac Vice Application to be Submitted*

**ATTORNEYS FOR CABLE NEWS NETWORK, INC.**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that this document was served on all counsel of record through the Court's electronic filing system on December 17, 2021.

*/s/ Robert P. Latham*
Robert P. Latham

**DEFENDANT CABLE NEWS NETWORK, INC.'S MOTION TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, MOTION TO TRANSFER – Page 18**