IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
Sherman Division

| | |
|---|---|
| DR. STELLA IMMANUEL | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:21-cv-00587-ALM |
| ANDERSON COOPER *et al.* | ) |
| Defendants. | ) |

# PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY

Plaintiff, Dr. Stella Immanuel ("Dr. Immanuel"), by counsel, pursuant to Local Civil Rule 7(d), respectfully submits this Memorandum in Opposition to the motion to stay discovery [*ECF No. 25*] filed by defendant, Cable News Network, Inc. ("CNN").

## I. BACKGROUND

1. Dr. Immanuel commenced this action on June 27, 2021. In her complaint, she states claims for defamation and defamation by implication. Dr. Immanuel's claims arise out of a series of broadcasts and articles published in July 2020 in which CNN falsely accused Dr. Immanuel – a licensed medical doctor – of promoting unproven and dangerous drugs, making false claims about COVID-19, spreading misinformation, and which portrayed Dr. Immanuel as unfit to practice medicine. [*Complaint, ¶¶ 5-6*].

2. CNN filed a motion to dismiss under Rule 12(b)(3) of the Federal Rules of Civil Procedure or, in the alternative, motion to transfer [*ECF No. 10*] and a motion to dismiss under Rule 12(b)(6). [*ECF No. 11*].

3. Dr. Immanuel opposed CNN's motions. [*ECF No. 15*]. The District Court has the matter under advisement.

4. On December 28, 2021, the Court entered an Order Governing Proceedings. [*ECF No. 13*]. The Order directed the parties to conduct a Rule 26(f) conference, complete initial mandatory disclosures, and file a joint report of attorney conference.[1] The parties conducted the Rule 26(f) conference, exchanged Rule 26(a)(1) disclosures and filed the joint report.

5. No party has served any written discovery.

6. On February 7, 2022, CNN filed a motion to stay discovery. The sole basis of CNN's motion to stay is the pendency of its motions to dismiss or transfer.

## II. DISCUSSION

7. The Court is familiar with the facts and issues.

8. The express purpose of the Federal Rules of Civil Procedure (the "Rules") is to "secure the just, speedy, and inexpensive determination of every action and proceeding." *Fed. R. Civ. P. 1*. Consistent with the salutary policy of speedy justice, Rule 12(b) permits a defendant to assert certain defenses by motion, but, significantly, the Rule contains absolutely no "automatic stay" of discovery. *See Blackmon v. Perez,* 791 F. Supp. 1086, 1092 (E.D. Va. 1992) ("The Court first notes that a pending dispositive motion does not entitle the parties to sit idly by and do nothing awaiting its outcome."). Rule 26(d) governs the timing and sequence of discovery. A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f). Rule 26(f) obligates the parties to confer "as soon as practicable – and in any event at

---

[1] The Court's Order Governing Procedures reflects the Court's policy of moving cases along and avoiding unnecessary delay.

least 21 days before a scheduling conference is to be held or a scheduling order is due" to discuss the case and develop a discovery plan. The filing of a motion pursuant to Rule 12(b) does not excuse a party from participating in the mandatory Rule 26(f) conference.

9. The Federal Rules authorize broad discovery. *See, e.g., Fed.R.Civ.P. 26(b)(1)* ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."). For purposes of pretrial discovery, relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) . "Discovery Rules are to be broadly and liberally construed in order to fulfill discovery's purposes of providing both parties with 'information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement.'" *Daniels v. City of Sioux City*, 294 F.R.D. 509, 512 (N.D. Iowa 2013) (quotation omitted)).

10. Local Civil Rule 26(a) of the United States District Court for the Eastern District of Texas provides that "[a]bsent a court order to the contrary, a party is not excused from responding to discovery because there are pending motions to dismiss, to remand, or to change venue."

11. Rule 26(c)(1) provides that a party from whom discovery is sought "may move for a protective order" and that the Court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense". *See* 8A Wright & Miller, Federal Practice & Procedure § 2037 (3rd ed. 2012) (Rule 26(c)'s good cause standard applies to a request to stay discovery pending the resolution of a motion to dismiss). "Rule 26(c)'s good cause requirement 'creates a

3

rather high hurdle' for the moving party." *Wilson v. First Class Patrol Officers*, 2016 WL 1253179, at * 4 (D.S.C. 2016) (quoting *Baron Fin. Corp. v. Natanzon*, 240 F.R.D. 200, 202 (D. Md. 2006)).

12. Motions to stay discovery "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citing *Kron Medical Corp. v. Groth,* 119 F.R.D. 636 (M.D.N.C. 1988)); *id. Bennett v. Fastenal Co.*, 2016 WL 10721816, at *1 (W.D. Va. 2016) (Although the Court "'has broad discretion to stay discovery pending resolution of a motion to dismiss,'" granting a stay on that basis is "'generally disfavored because delaying discovery may cause case management problems as the case progresses.'") (quoting *Fed. Ins. Co. v. S. Lithoplate, Inc.*, 2013 WL 4045924, at *1 fn. 2 (E.D.N.C. 2013) (the fact that a defendant's Rule 12(b)(6) motion, if granted, could dispose of all claims against him is not reason enough to delay discovery)); *Moran v. Flaherty*, 1992 WL 276913, at * 1 (S.D.N.Y. 1992) ("the issuance of a stay is not mandated by rule or decision. Rather, … discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed.") (citations omitted).

13. CNN requests a stay of discovery solely on the ground that there is a pending motion to dismiss or transfer. **This is not good cause**. *See Bowens v. Columbus Metropolitan Library Bd. Of Trustees*, 2010 WL 3719245, at * 2 (S.D. Ohio 2010) ("Here, defendants fail to explain why conducting discovery will place an unnecessary burden on them. They make no showing whatsoever that proceeding with discovery will be burdensome. Instead, defendants rely solely on the fact that they have a motion for

summary judgment pending, but the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery.").

14. A stay of discovery should never be granted on a mere suggestion by counsel for a defendant that "there is some degree of foundation in law for the dispositive motion and a possibility that Defendants may prevail." *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 583 (D. Nev. 2013); *id. Pioneer Centres Holding Co. Employee Stock Ownership Plan and Trust v. Alerus Financial N.A.*, 2013 WL 589187, at * 3 (D. Colo. 2013) (denying a motion to stay discovery awaiting the court's resolution of dispositive motions – "Defendants always are burdened when sued, whether the case is dismissed, summary judgment is granted, a settlement occurs, or there is a trial.  It is a consequence of our judicial system and the rules of civil procedure.  There is no special burden on the defendants in this case.  Similarly, there is no special burden imposed on the court or persons not parties to the suit by permitting discovery to proceed while motions to dismiss are pending, and the public interest is advanced by proceeding as expeditiously as possible."); *Hoxie v. Livingston County*, 2010 WL 822401, at *1 (E.D. Mich. 2010) ("The wheels of justice would surely grind to a halt if discovery were stayed pending dispositive motions and based on such generic allegations of undue burden and expensive.").  The Court put it very well in *Daniels*:

> "While it is certainly true that future events and rulings may have the effect of rendering that discovery unnecessary, that is hardly an uncommon feature of civil litigation.  Claims in many cases are disposed of, either by voluntary withdrawal or summary judgment, only after extensive discovery has taken place.  I will not bar Daniels from conducting discovery at this stage of case simply because circumstances might change later."

294 F.R.D. at 513.

15. **CNN bears the heavy burden to show good cause**. Mere conclusory arguments, such as CNN believes its motions are "strong" and "no prejudice" would result to Dr. Immanuel from a stay,[2] are woefully insufficient to satisfy the high bar of good cause. *See Stolmeier v. Strategic America, Inc.*, 2014 WL 12873091, at * 2 (W.D. Tex. 2014) ("The absence of prejudice to the nonmovant … [is] generally insufficient to demonstrate 'good cause.'"); *Merit Indus., Inc. v. Feuer*, 201 F.R.D. 382, 384-385 (E.D. Pa. 2001) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing."); *Medlin v. Andrew*, 113 F.R.D. 650, 653 (M.D.N.C. 1987) (burden of demonstrating good cause is a heavy one) (citation omitted); Wright, Miller & Marcus, Federal Practice and Procedure (Civil) $2^d$ § 2035 (1994) (to establish good cause, the moving party may not rely upon "stereotyped and conclusory statements," but must present a "particular and specific demonstration of fact," as to why a protective order should issue) (citations omitted); *see also Worldcom Technologies, Inc. v. Intelnet Int'l, Inc.*, 2002 WL 1971256, at * 6 (E.D. Pa. 2002) (delaying discovery "creates the risk of prejudice to plaintiffs in the form of lost evidence, fading memories, and potentially dissipating assets to pay any judgment that plaintiffs might secure.").

---

[2] In its motion, CNN engages in patently dirty and unprofessional attacks on counsel for Dr. Immanuel. CNN claims that Mr. Biss "has a history of making bad faith allegations against defendants in defamation actions" and a "history of bad faith litigation conduct". These allegations are false. Counsel for CNN is well-aware that the *Harvey* matter is on appeal. CNN is also well-aware that Mr. Biss has been granted *pro hac vice* admission in multiple pending cases against CNN, including *Flynn v. CNN*, Case 1:21-cv-02587 (S.D.N.Y.), where the District Court denied CNN's motion to dismiss the plaintiff's false light claim, and *Nunes v. CNN*, Case 21-637 (2nd Cir.), where Mr. Biss was admitted to the Bar of the Second Circuit Court of Appeals. CNN's tactics are improper and regrettable.

**There Is No Good Cause To Stay Discovery In This Case**

16. District courts have developed a variety of factors to consider in determining whether to grant a stay of discovery, "including: (1) whether there is a strong showing that a claim is unmeritorious; (2) the breadth of discovery and burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Allen v. Agreliant Genetics, LLC*, 2016 WL 5416418, at * 2 (N.D. Iowa 2016) (citing *Chesney v. Valley Stream Union Free Sch. Dist.*, 236 F.R.D. 113, 116 (E.D.N.Y. 2006)). A court may also consider the complexity of the action, the stage of litigation, and conservation of judicial resources. *United States ex rel. Donegan v. Anesthesia Assocs. Of Kansas City, P.C.*, 2014 WL 12618074, at * 1 (W.D. Mo. 2014) ("In determining whether to grant a motion to stay discovery pending the outcome of a dispositive motion, a court considers a variety of factors, including the movant's likelihood of success on the underlying motion; whether the movant will be irreparably harmed absent a stay; the breadth of the pending discovery; the balance of harms in delaying discovery against the possibility that the underlying motion will dispose of the case; the public interest; and judicial economy.").

17. Applying the identified factors and considering the purpose of the Federal Rules and the disfavored status of motions to stay discovery, *see, e.g., Feldman supra*, the Court should deny CNN's motion in this case. Although a stay would benefit CNN, it would significantly prejudice Dr. Immanuel, interfere with the administration of this case, and delay justice. Simply put, there is no good cause.

    A. *Dr. Immanuel's Claims Are Meritorious*

18. CNN argues in its motion that a stay of discovery is appropriate because CNN says so. The mere pendency of a motion to dismiss is never "good cause" to stay

discovery. Further, Dr. Immanuel has filed a detailed opposition to CNN's motion to dismiss in which Dr. Immanuel demonstrates why she has stated meritorious claims of defamation and defamation by implication upon which relief can be granted.

### B. *Breadth and Burden*

19. Although no discovery has yet issued, the parties have had their Rule 26(f) conference, which was ordered by the Court. Dr. Immanuel is authorized to conduct discovery. Discovery requests will come as no surprise to CNN and will impose no special burden on CNN.

### C. *Prejudice*

20. The litigation process is – or should be – a search for the truth. *Littlewood v. Federal Realty Inv. Trust*, 2014 WL 6713468, at * 2 (Sup. Mass. 2014); *id. Bartsch v. Lage*, 2019 WL 166206, at * 6 (N.J. Super. 2019) ("The discovery rules are to be construed liberally and broadly to facilitate the search for the truth during litigation"); *Riley v. Goodman*, 315 F.2d 232, 234 (3rd Cir. 1963) ("We have long abandoned the adversary system of litigation which regards opposing lawyers as players and the judge as a mere umpire whose only duty is to determine whether infractions of the rules of the game have been committed. A trial is not a contest but a search for the truth so that justice may properly be administered.").

21. Obstruction, obfuscation and delay transforms litigation into a mere game and renders the entire judicial process – the search for the truth – futile and illusive.

22. Dr. Immanuel came to this Court seeking justice. She is a licensed medical doctor. She suffered egregious harm to her reputation and loss of income as a direct result of CNN's defamation. Significantly, the parties have prepared and submitted

a proposed Scheduling Order. The Court indicates that it will enter a Scheduling Order. A stay of discovery will most certainly throw a wrench into the schedule and materially interfere with Dr. Immanuel's ability and efforts to marshal evidence and prove her case.

## CONCLUSION

For the reasons stated above, Dr. Immanuel respectfully requests the Court to deny CNN's motion to stay discovery.

DATED: February 21, 2022

Signature of Counsel on Next Page

DR. STELLA IMMANUEL


By:   */s/ Madhu S. Sekharan*
      Madhu S. Sekharan, Esquire
      Texas Bar No. 24072332
      16614 Radiant Lilac Trail
      Cypress, TX 77433-6365
      Mobile: 832-920-1515
      Office: 281-304-6369
      MSekharanAttorney@outlook.com

      Steven S. Biss (VSB # 32972)
      300 West Main Street, Suite 102
      Charlottesville, Virginia 22903
      Telephone: (804) 501-8272
      Facsimile: (202) 318-4098
      Email: stevenbiss@earthlink.net
      (*Motion for Admission Pro Hac Vice*
         *To be Filed)*

      *Counsel for the Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 21, 2022 a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will send notice of electronic filing to counsel for Defendant and all interested parties receiving notices via CM/ECF.

By:    */s/ Madhu S. Sekharan*
           Madhu S. Sekharan, Esquire
           Texas Bar No. 24072332
           16614 Radiant Lilac Trail
           Cypress, TX 77433-6365
           Mobile: 832-920-1515
           Office: 281-304-6369
           MSekharanAttorney@outlook.com

           Steven S. Biss (VSB # 32972)
           300 West Main Street, Suite 102
           Charlottesville, Virginia 22903
           Telephone: (804) 501-8272
           Facsimile: (202) 318-4098
           Email: stevenbiss@earthlink.net
           (*Motion for Admission Pro Hac Vice*
                *To be Filed*)

*Counsel for the Plaintiff*