# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| DR. STELLA IMMANUEL, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:21-CV-00587 |
| CABLE NEWS NETWORK, INC. | § § § | |
| Defendant. | § § § § | |

**CABLE NEWS NETWORK, INC.'S REPLY IN SUPPORT OF ITS MOTION TO STAY**

                                                   */s/ Robert P. Latham*
                                                   Robert P. Latham
                                                   State Bar No. 11975500
                                                   blatham@jw.com
                                                   Demi Williams
                                                   State Bar. No. 24084101
                                                   dswilliams@jw.com
                                                   **JACKSON WALKER LLP**
                                                   2323 Ross Avenue, Suite 600
                                                   Dallas, Texas 75201
                                                   (214) 953-6000 – Telephone
                                                   (214) 953-5822 – Facsimile

                                                   Katherine M. Bolger
                                                   katebolger@dwt.com
                                                   Jesse Feitel
                                                   jessefeitel@dwt.com
                                                   Sam F. Cate-Gumpert
                                                   samcategumpert@dwt.com
                                                   **DAVIS WRIGHT TREMAINE LLP**
                                                   1251 Avenue of the Americas, 21st Floor
                                                   New York, New York 10020-1104
                                                   (212) 489-8230 – Telephone
                                                   (212) 489-8340 – Facsimile
                                                   *Pro Hac Vice*

                                                   **ATTORNEYS FOR CABLE NEWS
                                                   NETWORK, INC.**

Defendant Cable News Network, Inc. ("CNN") submits this Reply in support of its Motion to Stay Discovery pending determination of proper venue and/or a decision on its motion to dismiss (ECF No. 25, "Motion").

## PRELIMINARY STATEMENT

Plaintiff Dr. Stella Immanuel's ("Plaintiff" or "Dr. Immanuel") Memorandum in Opposition to CNN's Motion to Stay Discovery (ECF No. 26, "Response") confirms why an order staying discovery is warranted pending a decision on CNN's Rule 12 motions.  The Response largely ignores the arguments and case law cited in CNN's Motion, instead suggesting that this is a routine, run-of-the-mill civil matter and there is no good cause for a stay.  But Dr. Immanuel's claims are both facile and incorrect.  Dr. Immanuel is attempting to use this meritless defamation litigation not to vindicate a personal reputational harm, but to seek grandiose discovery – none of it in the Eastern District of Texas – about whether hydroxychloroquine ("HCQ") cures COVID.  As CNN's 12(b)(6) motion indicates, the resolution of that scientific debate does not belong in a defamation case.  Moreover, in a matter where Dr. Immanuel seeks to depose a former United States president, Dr. Anthony Fauci, and various other government officials, the toll of discovery on the Parties' and the Court's resources is apparent.  *See* Exhibit A.[1]  Dr. Immanuel has detailed no prejudice that will result from a brief stay.

## ARGUMENT

A stay of discovery is warranted in this matter pending a decision on CNN's Rule 12(b)(6) motion or a determination as to proper venue because the requested discovery is particularly

---

[1] CNN's Motion to Stay referenced an attached Exhibit A, being Plaintiff's disclosures in this matter.  However, those disclosures were inadvertently omitted from the filed motion.  Accordingly, CNN attaches those disclosures to this reply as Exhibit A so that the Court can see the type of discovery, and the related issues that would arise, in the absence of a stay.

burdensome and may be unnecessary. *First*, as set forth in the Motion, CNN has submitted two fully-briefed and compelling Rule 12 motions that, if granted, would result in transfer or complete dismissal of this case. *See* Motion at 3-5. A stay of discovery would allow the Court to focus on resolving the venue and 12(b)(6) motions without distraction, while simultaneously allowing the parties to avoid incurring discovery costs and burdening Plaintiff's contemplated witnesses during the early stages of litigation. In her Response, Plaintiff does not meaningfully engage with this argument but relies on a series of unpersuasive, out-of-circuit cases purportedly supporting her position.

For example, Plaintiff cites *Medlin v. Andrew* for the proposition that the "burden of demonstrating good cause" in support of a motion to stay discovery "is a heavy one." 113 F.R.D. at 654; Response at 6. But Dr. Immanuel fails to mention that in *Medlin*, the court actually *granted* a temporary stay. *Id.* Likewise, Dr. Immanuel references *Allen v. Agreliant Genetics, LLC*, No. 15-CV-3172-LTS, 2016 WL 5416418 (N.D. Iowa Sept. 26, 2016) to identify the factors courts consider when evaluating a motion to stay discovery. Response at 7. There, too, the court actually *granted* the defendant's motion to stay discovery on the claims that were the subject of a pending dismissal motion, because the defendant's dispositive motion was "colorable" and there was "[an] absence of any real showing of prejudice." *Id.* at *3. Finally, Plaintiff dedicates nearly a half page of her brief to quote from *Pioneer Centres Holding Co. Emp. Stock Ownership Plan & Tr. v. Alerus Fin., NA*, No. 12-CV-02547-MSK-BNB, 2013 WL 589187 (D. Colo. Feb. 14, 2013) (*see* Response at 5), but fails to specify that the court only denied the defendant's motion to stay discovery there because the plaintiff's "two important witnesses" were of advanced age and in poor health, such that there was a real risk that staying discovery "could result in the loss of their testimony." *Id.* at

*2. There are no such facts at issue here. Thus, Dr. Immanuel's singular focus on cases where, as here, there is no prejudice to the plaintiff, merely emphasizes that a stay is appropriate.

*Second*, in its Motion, CNN argued that a stay was appropriate because of the scope and kind of discovery requested by Dr. Immanuel. In particular, Dr. Immanuel's initial disclosures and the Joint Report of The Parties' Planning Meeting (ECF No. 23) do not list any witnesses located in Texas where Dr. Immanuel lives and where her medical practice is located. She does not, in fact, list *any* witness in this District, and she names no patients, no reputational witnesses, and no members of her ministry. Instead, her initial disclosures reveal her intention to depose former President Trump, two current members of Congress, Dr. Anthony Fauci, and various other government officials. They also reflect her clear intention to make this a dispute not about what CNN has said, but whether HCQ is an effective treatment for COVID. Plaintiff is not seeking defamation discovery: she is seeking to wage a war over science. Given the nature of the scope of the discovery requested, a stay is appropriate.

An abundance of case law supports this argument. Specifically, "[w]hen deciding to issue a stay, some of the relevant factors that inform a court's discretion are the breadth of discovery sought [and] the burden of responding to such discovery." *Endure Indust. v. Vizient, Inc.*, No. 3:20-CV-3190-E, 2021 WL 3771770, at *1 (N.D. Tex. Apr. 9, 2021). *See, e.g.*, *Primesource Bldg. Prod., Inc. v. Lee Grp. Int'l, Inc.*, No. 3:19-CV-02878-X, 2020 WL 6140462, at *2 (N.D. Tex. Aug. 12, 2020) (granting motion to stay discovery pending resolution of motion to dismiss where the defendant's arguments in favor of dismissal "are not frivolous and merit serious consideration" and where, absent a stay, the defendant's response to the plaintiff's "overly broad" document requests "would be unduly burdensome on [the defendant], at least with regards to time spent when a potentially dispositive motion to dismiss is pending"); *Endure Indust.*, 2021 WL 3771770, at *1

("The Court finds that good cause exists to stay discovery because the requested discovery would be unduly burdensome at this stage in the proceedings. . . . The Court believes that discovery should be stayed given the burden to Defendants of collecting and reviewing the requested documents and information and because Plaintiff has not demonstrated a need for the documents prior to this Court's ruling on the pending Motion to Dismiss."). Because Dr. Immanuel has clearly demonstrated that she intends to focus discovery on settling a scientific score instead of addressing any element of her defamation claim, an order staying discovery is necessary to conserve both the Parties' and the Court's resources.

*Third*, CNN's Motion explained that a stay would not prejudice Dr. Immanuel in any way, given that she waited nearly a year after the reports in question to file this lawsuit. *See* Motion at 7. Dr. Immanuel does not meaningfully oppose CNN's argument; instead, she cites several inapposite cases, followed by a circular argument that "a stay would . . . significantly prejudice Dr. Immanuel." Response at 7. But Dr. Immanuel never actually explains how or why she would suffer any prejudice from a stay at this time, particularly where the Parties have not served any discovery requests in this action. Dr. Immanuel's argument rings especially hollow given her delay in filing this lawsuit. Indeed, it is difficult to imagine how a brief stay while the Court decides CNN's motions could meaningfully affect Dr. Immanuel any more than her own actions.

Likewise, Dr. Immanuel's reliance on cases declining to stay discovery in which the parties had already invested significant time and resources into the discovery process is unpersuasive. *See, e.g.*, *Hoxie v. Livingston Cty.*, No. 09-CV-10725, 2010 WL 822401, at *1 (E.D. Mich. Mar. 4, 2010) (denying the defendants' motion to stay discovery when responses to the plaintiff's discovery requests were "more than several months past due"); *Worldcom Techs., Inc. v. Intelnet Int'l, Inc.*, No. CIV.A. 00-2284, 2002 WL 1971256, at *6 (E.D. Pa. Aug. 22, 2002) (declining to

stay discovery where the request to stay was made "over two years" after the case was filed and after the parties had already endured "delays and expense"). Unlike those cases, this case has only just begun.  A brief stay while the motions are decided will not prejudice Dr. Immanuel in any way.

For these reasons, CNN respectfully requests that this Court stay discovery pending a decision on the pending motions to dismiss or transfer venue.

Dated: February 28, 2022

Respectfully submitted,

*/s/ Robert P. Latham*
Robert P. Latham
State Bar No. 11975500
blatham@jw.com
Demi Williams
State Bar. No. 24084101
dswilliams@jw.com
**JACKSON WALKER LLP**
2323 Ross Avenue, Suite 600
Dallas, Texas  75201
(214) 953-6000 – Telephone
(214) 953-5822 – Facsimile

Katherine M. Bolger
katebolger@dwt.com
Jesse Feitel
jessefeitel@dwt.com
Sam F. Cate-Gumpert
samcategumpert@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1251 Avenue of the Americas, 21st Floor
New York, New York 10020-1104
(212) 489-8230 – Telephone
(212) 489-8340 – Facsimile
*Pro Hac Vice*

**ATTORNEYS FOR CABLE NEWS NETWORK, INC.**

## **CERTIFICATE OF SERVICE**

      This is to certify that this document was served on all counsel of record through the Court's electronic filing system on February 28, 2022.

                                          */s/ Robert P. Latham*
                                          Robert P. Latham