# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
Sherman Division

| | |
|---|---|
| DR. STELLA IMMANUEL ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21-cv-00587-ALM |
| ) | |
| ) | |
| ANDERSON COOPER *et al.* ) | |
| ) | |
| Defendants. ) | |
| ) | |

# PLAINTIFF'S RULE 26(a)(1) DISCLOSURES

Plaintiff, Dr. Stella Immanuel ("Plaintiff"), by counsel, pursuant to Fed. R. Civ. P. ("FRCP") Rule 26(a)(1) and the Court's Order Governing Procedures [*ECF No. 13*], provides the following initial Disclosures:

1.  *Individuals Likely to Have Discoverable Information*.  The following persons are likely to have discoverable information that the Plaintiff may use to support the facts and allegations in her Complaint [*ECF No. 1 ("Complaint")*]:

    a.  Dr. Stella Immanuel, c/o Madhu S. Sekharan, Esquire, and Steven S. Biss, Esquire.  Plaintiff has knowledge and information relevant to all facts, allegations and claims stated in her Complaint, including, without limitation, Defendant's publication of false and defamatory statements, defamation by implication, repetition and republication of the statements, Defendant's actual malice, and the presumed damages, actual damages and special damages caused by the Defendant's defamation and defamation by implication.

1

   b. <u>Congressman Ralph Norman (R-SC)</u>, https://norman.house.gov/. Rep. Norman has knowledge of current issues relating to COVID19, the press conference at the Supreme Court of the United States on July 27, 2020, and the falsity of CNN's statements about Dr. Immanuel.

   c. <u>Americas Frontline Doctors</u>, https://americasfrontlinedoctors.org/ ("AFD").  AFD and its physician-members have knowledge of the press conference at the Supreme Court of the United States on July 27, 2020, and the falsity of CNN's statements about Dr. Immanuel.

   d. <u>President Donald Trump</u>, https://www.45office.com/, 1100 S. Ocean Blvd., Palm Beach, FL 33480.  President Trump has knowledge of his tweets, retweets and public statements about Dr. Immanuel.

   e. <u>Defendant and its agents</u>, c/o Counsel of Record.  Defendant and its agents, reporters, contributors, editors, producers and publishers have knowledge and information relevant to all facts, allegations and claims stated in Plaintiff's Complaint, including, without limitation, the publication and republication false and defamatory statements, the material falsity of the statements, Defendant's defamation by implication, actual malice, and the damage caused to Plaintiff by the defamation.  Defendant also has knowledge of its extensive business operations in the Eastern District of Texas and neighboring Dallas, Texas, and the publication and republications at issue in this case, both online and via various Twitter properties, in the Eastern District of Texas.

   f. <u>Dr. Harvey A. Risch, M.D., PhD</u>, https://ysph.yale.edu/profile/harvey_risch/.  Dr. Risch has knowledge of the falsity of Defendant's statements about COVID19 and HCQ.

       g.     Dr. Anthony S. Fauci, M.D., https://www.niaid.nih.gov/about/director. Dr. Fauci has knowledge of the falsity of Defendant's statements about COVID19 and HCQ.

       h.     Dr. Robert R. Redfield, former director of the Centers for Disease Control. Dr. Redfield has knowledge of the falsity of Defendant's statements about COVID19 and HCQ.

       i.     Rep. Jim Jordan, https://jordan.house.gov/. Rep. Jordan has knowledge and information concerning the origins of COVID19 and the falsity of CNN's statements about COVID19 on behalf of the Democratic Party.

    2.    *Documents*. Plaintiff will use the following documents to support her claims:

       a.     The documents identified and referred to in Plaintiff's Complaint;

       b.     All documents produced in discovery by Defendant, including reporters', editors', producers' and publishers' notes, audiotapes, emails, text messages, direct messages and other communications with sources, if any, and drafts of the broadcasts and articles at issue;

       c.     All documents produced by third-parties, including, without limitation, the Daily Beast, Will Sommer and others, in response to Rule 45 Subpoenas.

All documents will be produced electronically upon request in PDF or in native format.

    3.    *Computation of Damages*. Plaintiff computes her damages caused by Defendant's defamation as follows:

3

A. <u>Presumed Damages</u> – **$75,000,000.00**.

B. <u>Actual Injuries/General Damages</u> – **$100,000,000.00**, including pain, embarrassment, humiliation, mental anguish and suffering and injury to reputation caused by Defendant's publications and republications.

C. <u>Special Damages</u> – **$25,000,000.00**, including lost income, career damage, loss of future employment, loss of future earnings, impaired and diminished earning capacity, and impact upon Plaintiff's prospects for career advancement.

D. <u>Prejudgment Interest</u> – interest on the principal sum awarded by the Jury from July 28, 2020 until the date Judgment is entered at the maximum rate under Texas law.

E. <u>Punitive Damages</u> – in the amount of **$100,000,000.00**. Defendant intentionally set out to injure Plaintiff and deliberately juxtaposed facts in order to create the false impression that Plaintiff is unfit to practice medicine. Defendant permanently injured Plaintiff's reputation by publishing the statements hundreds of millions of times on the Internet and via social media.

F. <u>Costs</u> – **$400**.

Defendant's publication and republication of false factual statements has caused Plaintiff to continuously suffer emotional distress, anxiety, fear that the defaming remarks have reached patients, colleagues and other members of the public beyond those who are identified in the Complaint and the millions who subscribes to CNN's cable television, digital and social media products in July 2020, fear that she has lost standing and credibility in the medical community, fear that sick patients will not seek treatment from

her – treatment that could save their lives, fear that she will never be able to clear her name, fear that she will be attacked again and that she is powerless to stop the defamation, embarrassment, humiliation, sleeplessness and lack of concentration.

In determining the damages claimed in this action, Plaintiff has taken into consideration all of the circumstances surrounding Defendant's statements, the occasion on which they were made and the extent of the publications and republications, the nature and character of the insult, the probable effect on those who read and heard the statements, and the probable and natural effect upon Plaintiff's personal feelings and upon her standing in the community and in business.

4. *Insurance Agreement*. Plaintiff does not yet know if there is an insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment against Defendant or to indemnify or reimburse for payments made to satisfy such judgment.

Plaintiff reserves the right to amend and supplement her Rule 26(a)(1) Disclosures in accordance with the Rule 26 FRCP.

DATED:	January 28, 2022

Signature of Counsel on Next Page

DR. STELLA IMMANUEL

By:   */s/ Madhu S. Sekharan*
     Madhu S. Sekharan, Esquire
     Texas Bar No. 24072332
     16614 Radiant Lilac Trail
     Cypress, TX 77433-6365
     Mobile: 832-920-1515
     Office: 281-304-6369
     MSekharanAttorney@outlook.com

     Steven S. Biss (VSB # 32972)
     300 West Main Street, Suite 102
     Charlottesville, Virginia 22903
     Telephone: (804) 501-8272
     Facsimile: (202) 318-4098
     Email: stevenbiss@earthlink.net
     (*Motion for Admission Pro Hac Vice*
         *To be Filed)*

     *Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2022 a copy of the foregoing was served electronically in PDF upon counsel for CNN.

By: */s/ Madhu S. Sekharan*
Madhu S. Sekharan, Esquire
Texas Bar No. 24072332
16614 Radiant Lilac Trail
Cypress, TX 77433-6365
Mobile: 832-920-1515
Office: 281-304-6369
MSekharanAttorney@outlook.com

Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone: (804) 501-8272
Facsimile: (202) 318-4098
Email: stevenbiss@earthlink.net
(*Motion for Admission Pro Hac Vice
To be Filed*)

*Counsel for the Plaintiff*